IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2005 JUN 24  A 10: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| TAMMIE G. ELLIOT AND MARK ELLIOTT, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 1:05cv606 |
| PAX ACADEMIC EXCHANGE, | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Program for Academic Exchange ("PAX") a 501(c)(3) corporation, incorrectly identified in the Complaint as PAX Academic Exchange, by its attorneys, and pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby files this Notice of Removal and states as follows:

1. On May 20, 2005, Plaintiffs Tammie G. Elliott and Mark Elliott, ("Plaintiffs") filed a Summons and Complaint against PAX Academic Exchange ("PAX") which is currently pending in the Circuit Court of Coffee County, Alabama, Enterprise Division, styled *Tammie G. Elliott and Mark Elliott v. PAX Academic Exchange*, Case No. CV-05-136. PAX was served on May 26, 2005. Because of the foregoing, this removal is timely. A copy of all process, pleadings and orders served upon Defendant has been attached to this Petition as required by 28 U.S.C. § 1446(a), along with the complete file maintained with the state court clerk. *See* Exhibit A hereto.

2. Defendant PAX, a non-profit organized under the laws of New York, is now and

has been at all times material hereto an educational organization that promotes and arranges international student exchanges pursuant to 22 U.S.C. § 2451, which is regulated by 22 CFR Part 62. As such educational organization, PAX is designated as an "Exchange Visitor Program" by the United States State Department.

3. Plaintiffs are adult residents of Coffee County, Alabama.

4. This case arises out of Plaintiffs' participation as a sponsor family for a foreign exchange student who was placed in the Plaintiffs' home by Defendant PAX pursuant to the federally regulated Exchange Visitor Program. Plaintiffs allege that the foreign exchange student suffered various sicknesses following her arrival, including being diagnosed with HIV. Further alleging that the student damaged their home and stole various items before her departure, Plaintiffs seek damages from the Defendant related to alleged medical bills for the exchange student and for damages to the Plaintiffs home allegedly caused by the exchange student. Additionally, Plaintiffs seek damages from allegedly fraudulent statements made by Defendant PAX is placing the student in the Plaintiffs' home.

3. The Exchange Visitor Program is a federal program that is administered by the State Department, pursuant to 22 U.S.C. §2451, through private organizations such as PAX. The State Department designates sponsors to administer individual programs, such as PAX, and permits such sponsors to issue a DS2019 form, which students use to secure a J-1 Exchange Visitor Visa. 22 U.S.C. §2451 and the accompanying regulations codified at 22 CFR Part 62 completely delineates the rights, duties and requirements for sponsors of the program, such as PAX, and for students, such as the foreign exchange student that was placed in the Plaintiffs' home, who are eligible to participate in the program. *See* CFR Part 62.8-62.9; 62.25. After being issued a J-1 Exchange Visitor Visa by the United States Government, the student was **only**

**placed** in the Plaintiffs' home as a result of Plaintiffs' participation in the Exchange Visitor Program.

4. The Exchange Visitor Program is further regulated by the Department of Homeland Security. The Department of Homeland Security, pursuant to Section 641 of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Public Law 104-208 (as amended), is required to collect current information, on an ongoing basis, from schools participating in the Exchange Visitor Program. Additionally, the Department of Homeland Security is required to obtain information from organizations such as PAX during the course of the student's stay in the United States.

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441 because the Complaint seeks damages based on allegations resulting and arising from the Plaintiffs' participation in the Exchange Visitor Program conducted by PAX. The Exchange Visitor Program is completely a vestige of federal law as it was created by 22 U.S.C. § 2451 and is regulated by 22 CFR Part 62. Accordingly, the student was placed and monitored in the Plaintiffs' home pursuant solely to federal law.

6. Simply stated, because federal law completely governs the Exchange Visitors Program which the Plaintiffs participated in with the student, the claims Plaintiffs' seek to redress arise from the operation of federal law. Moreover, because the student was placed with Plaintiffs under the Exchange Visitor Program, as regulated by 22 CFR Part 62 using a J-1 Visa as regulated by DHS under section 641 of the IIRIRA, these claims clearly arise from and are regulated by federal law. As a result of the foregoing, federal question jurisdiction exists in this matter.

WHEREFORE, this action is properly removed to the Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Done this the 23rd day of June, 2005.

_____
One of the Attorneys for
Defendant PAX Student Exchange

**OF COUNSEL:**
Frank M. Young, III
Meredith Jowers Lees
HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid, and addressed as follows:

M. Chad Tindol
Marsh, Cotter & Tindol, LLP
Post Office Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)

DONE this the 23rd day of June, 2005.

_____
Of Counsel

4