IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUL -5 P 4: 23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| TAMMIE G. ELLIOT AND<br>MARK ELLIOTT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION NO. |
| v. | )<br>) | 1:05-cv-00606-VPM |
| PAX ACADEMIC EXCHANGE, | )<br>)<br>) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
PROGRAM FOR ACADEMIC EXCHANGE**

COMES NOW Program for Academic Exchange ("PAX"), incorrectly identified in the Complaint as PAX Academic Exchange (the "Defendant"), by and through its undersigned counsel and responds to each allegation of the Complaint filed by the Plaintiffs Tammie G. Elliot and Mark Elliot (the "Plaintiffs") and asserts its affirmative defenses as follows:

1.      Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 1 of the Complaint.

2.      While, Defendant admits that PAX is a New York non-profit corporation with an address of 242 King Street, Port Chester, NY 10573, that is a educational organization that promotes and arranges international student exchanges pursuant to 22 U.S.C. § 2451, it denies all other allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits that the Plaintiffs were a host family of a foreign exchange student.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint, including its subparts.

6. Defendant admits that the Plaintiffs were a host family for the 2004-2005 school term.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

### Count I - Fraud

14. No response is necessary to paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Denying all of the allegations of this paragraph, Defendant denies that it has damaged Plaintiffs in any way and further denies that it is liable to Plaintiffs for any sum of money.

### Count II - Suppression

20. No response is necessary to paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Denying all of the allegations of this paragraph, Defendant denies that it has damaged Plaintiffs in any way and further denies that it is liable to Plaintiffs for any sum of money.

## Count III – Promissory Fraud

25. No response is necessary to paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Denying all of the allegations of this paragraph, Defendant denies that it has damaged Plaintiffs in any way and further denies that it is liable to Plaintiffs for any sum of money.

## Count IV – Breach of Agreement

32. No response is necessary to paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Denying all of the allegations of this paragraph, Defendant denies that it has damaged Plaintiffs in any way and further denies that it is liable to Plaintiffs for any sum of money.

### Count V – Negligence/Wantonness

38. No response is necessary to paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Denying all of the allegations of this paragraph, Defendant denies that it has damaged Plaintiffs in any way and further denies that it is liable to Plaintiffs for any sum of money.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with the Plaintiffs.

1. Defendant is not guilty of negligent, intentional, reckless, wanton, conscious or deliberate conduct and further denies that any negligent, intentional,

reckless, wanton, conscious or deliberate conduct on its part, if any, proximately caused or contributed to Plaintiffs' injuries and damages, if any there be.

2. Plaintiffs' claims are barred in that Plaintiffs did not sustain any damages as a proximate result of any wrongdoing by Defendant.

3. Plaintiffs' claims are barred, in whole or in part, because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

4. Plaintiffs' claims are barred because the claimed injuries and damages, if any, were caused by the conduct of third parties, including but not limited to, the prior, intervening or superseding conduct of such third parties.

5. Plaintiffs' claims are barred in that there was no justifiable or reasonable reliance upon any alleged fraud.

6. Plaintiffs' claims are barred because Plaintiffs have failed to properly mitigate their damages.

7. Plaintiffs' claims are, or may be, barred by release or acquiescence.

8. Plaintiffs' claims are, or may be, barred by the Parol Evidence Rule.

9. Plaintiffs have failed to plead fraud with the requisite specificity.

10. Defendant denies Plaintiffs have been damaged and demands strict proof of the damages alleged herein.

11. Defendant is not liable for any acts of its agents outside the scope of their employment.

12. Defendant denies Plaintiffs have relied, either justifiably or reasonably, upon any alleged misrepresentation made to them by Defendant.

13. Defendant did not breach any legal duty to Plaintiffs, and Plaintiffs' alleged claims are barred for this reason, among others.

14. Defendant asserts that any award of punitive damages to any Plaintiff will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States.

15. Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

16. Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

17. Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

18. Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiffs is less than the "reasonable doubt" standard required in criminal cases.

19. Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no

person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

20. Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6 which provides, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiffs which is less than the "reasonable doubt" standard applicable in a criminal case.

21. Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

22. The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

23. Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

24. Plaintiffs' claims are, or may be, barred by the applicable statute of limitations.

25. Plaintiff's claims are barred by the doctrine of contributory negligence.

26. The Plaintiff is barred from recovering for their damages, if any, because the Plaintiffs assumed the risk of the activity in which Plaintiff was engaged when Plaintiff was injured.

27. Having voluntarily and knowingly participated in the foreign student exchange program that gave rise to this Complaint, by virtue of either the custom or trade in the field, express or implied contract, or knowing assumption of the risk, Plaintiffs have waived and/or are estopped to make this claim.

28. Alleged misrepresentations made by third parties are not attributable or the result of an agency relationship with Defendant.

29. Plaintiffs claims may be barred by the failure to join indispensable parties to this action.

30. Plaintiffs claims are barred by the doctrine of *in pari delicto*.

31. Plaintiffs' claims are barred by the doctrine of contributory negligence.

**RESERVATION OF RIGHTS TO COMPEL ARBITRATION**

This answer is not intended to waive Defendant's right to compel arbitration if a valid arbitration agreement exists between the parties. Defendant expressly reserves its right to compel arbitration if an arbitration agreement exists between the parties.

DATED: July 5th, 2005.

_____
Frank M. Young III
Meredith Jowers Lees
Jamie Johnston
Attorneys for Program Academic Exchange

OF COUNSEL:
HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid, and addressed and by facsimile as follows:

M. Chad Tindol
Marsh, Cotter & Tindol, LLP
Post Office Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)

DONE this the 5th day of July, 2005.

_____
Of Counsel