IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2005 JUL -8 A 10: 06

| | | |
|---|---|---|
| TAMMIE G. ELLIOTT and<br>MARK ELLIOTT, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CASE NO.: 1:05-CV-606-VPM |
| PAX ACADEMIC EXCHANGE, | ) ) ) | |
| Defendant. | ) ) | |

### MOTION TO REMAND and BRIEF IN SUPPORT OF SAME

COME NOW the Plaintiffs Tammie G. Elliott and Mark Elliott (collectively referred to hereinafter as the "Elliotts") and move the Court to remand this matter to the Circuit Court for Coffee County, Alabama, Enterprise Division, from which it was improvidently removed. In further support, the Elliotts state as follows:

1. The Elliotts filed a 5 count complaint against the Defendant Program for Academic Exchange, identified in the complaint as PAX Academic Exchange (hereinafter referred to as "PAX"). The complaint, attached to the removal papers, seeks relief under Alabama statutory and common law for fraud (count I); suppression (count II); promissory fraud (III); breach of agreement (IV); and negligence/wantonness (V). As more fully set out in the Complaint, the Elliotts agreed to host an exchange student, based upon various representations made by representatives of PAX. *Complaint at ¶¶ 3-7.* Those included

representations as to the students' health and the availability of health insurance. *Id.* Such matters were of particular concern to the Elliotts, as Mr. Elliott is presently active-duty military for our county. *Id. at ¶ 4.* The representations of PAX were false, and the student was required to receive treatment involving chloroquine, a drug used to treat malaria, and was diagnosed as HIV positive. *Id. at ¶ 8.* The student damaged the Elliotts' home; has caused the Elliotts to require ongoing medical monitoring; and to make matters worse, the Elliotts were left with demands for medical bills for the student, totaling several thousand, that insurance has not paid. *Id. at ¶¶ 9-13.*

2. The Elliotts' complaint limited the amount of damages at issue; therefore, diversity jurisdiction is not at issue. *Complaint at Prayer for Relief, ¶ D.*

3. Following service, PAX removed the matter to this Court, asserting federal question jurisdiction. *Notice of Removal at ¶ 5.* The Notice states only that federal question jurisdiction exists "because the Complaint seeks damages based on allegations resulting and arising from the Plaintiffs' participation in the Exchange Visitor Program conducted by PAX." *Id.* PAX further argues that the "Exchange Visitor Program is completely a vestige of federal law as it was created by 22 U.S.C. § 2451 and is regulated by 22 CFR Part 62."

4. PAX's removal of the case based upon federal question jurisdiction misapprehends the law of federal jurisdiction. It is not enough for PAX to allege that

"federal question jurisdiction exists." PAX must show "complete preemption" to avoid remand.

5. As an initial matter, it bears noting that the Plaintiffs' complaint relies exclusively on state law. That, alone, is a sufficient basis for remand in this case. As explained by the Supreme Court:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987). Plaintiffs have not pled federal claims; but have relied upon state law.

6. Moreover, even if PAX intends to present some defense based upon federal law, that would not present a basis for removal. *Caterpillar,* 482 U.S. at 392 ("it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

7. In order to succeed in defeating remand, therefore, PAX would need to show much more than their petition for removal has even alleged. PAX would be required to show "complete pre-emption." This is a burden which PAX cannot meet:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life Insurance Co., supra, at 65, 107 S.Ct., at 1547. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar*, 482 U.S. at 392.

8. The "complete preemption" doctrine "permits removal of a case in which the plaintiff has relied exclusively on state law only when: (1) the enforcement provisions of the federal statute create a federal cause of action vindicating the same interest that the cause of action asserted by the plaintiff seeks to vindicate; and (2) there is affirmative evidence of congressional intent to permit removal despite the plaintiff's exclusive reliance on state law." *29A West's Fed. Proc., L.Ed., Removal of Actions § 69:17 (copy attached); and cases cited therein.* In this case, PAX has not shown in its removal – and cannot show – that the statutes which it cites have completely preempted state fraud and contract law. PAX has not cited to any enforcement provisions in the federal law; and has shown no "evidence of congressional intent" of complete preemption.

9. Last year, the Eleventh Circuit law reiterated that complete preemption should be applied only in the most limited circumstances. Again, those limited circumstances do not exist in this case:

> "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In other words, the state-law claim must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." . . . Complete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim "arising under" federal law. . . . In other words, "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 24, 103 S.Ct. at 2854.
> The Supreme Court has admonished that federal law should be found to completely preempt state law "only in statutes with 'extraordinary' preemptive force." . . . To date, the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, §29 U.S.C. 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, §29 U.S.C. 1001 et seq.; and (3) §§ 85 and 86 of the National Bank Act, §12 U.S.C. 21 et seq. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11, 123 S.Ct. 2058, 2062-64, 156 L.Ed.2d 1 (2003). The Court found that complete preemption applied to those statutes because all three "provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Id. at 8, 123 S.Ct. at 2063. Accordingly, the "touchstone" of federal question jurisdiction based on complete preemption is congressional intent.

*Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290, 1291 (11th Cir. 2004) (reversing court and granting remand where employment dispute with bank was alleged to be preempted due to federal regulation of banks).

10. The position taken by PAX in removing this case is analogous to that taken by many defendants who seek to remove cases involving financial fraud, by magically chanting the word "ERISA." A defendants' burden is, however, much heavier:

> . . . the entrance to federal court does not swing wide, like Ali Baba's cave, at the mere invocation [of a federal law, such as ERISA] . . . Rather, a removing defendant must set forth with <u>considerable specificity</u> the necessary elements of an ERISA plan. Considering the profound preemptive effect of ERISA on both state courts and state law, federalism demands that federal courts apply super-preemption with care and thoughtful deliberation.

*Hensley v. Philadelphia Life Ins. Co.*, 878 F.Supp. 1465, 1468 (N.D. Ala. 1995) (remanding case where defendants failed to meet burden).

11. In this case, PAX has done little more than vaguely summarize the complaint; acknowledge that federal law governs the entry of noncitizens into the United States; and assert that the suit at issue must therefore be removed to federal court. That is not enough. *See Lott v. Metropolitan Life Ins. Co.*, 849 F.Supp. 1451, (M.D. Ala. 1993) (Thompson, J.) ("In a removal action, the defendant has the burden to plead the basis for jurisdiction. . . . A defendant may submit affidavits, depositions, or other evidence to support removal.").

12. Wherefore, the Elliotts move the Court to remand this matter instanter, to the state court from which PAX improperly removed the same; and award costs and fees associated with said remand.

_____
M. CHAD TINDOL (TIN011)
Counsel for Plaintiffs

<u>OF COUNSEL</u>:
MARSH, COTTER & TINDOL, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)

### Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States mail, first class postage prepaid, and addressed as follows:  7-6-05 ct

Frank M. Young
Meredith Jowers Lees
Haskell, Slaughter, et al.
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

_____
Of Counsel