REMOVAL OF ACTIONS

**§ 69:16**

defense is anticipated in the plaintiff's complaint, and even if both parties concede that the defense is the only question truly at issue.[63] The preemptive defense is anticipated based on a federal statute, a suit seeking the same thing, a federal defense is not removable.[64]

Because seeking a declaratory judgment are at base the same thing, a suit seeking a declaratory judgment on the basis of a federal defense is not removable.[64] Similarly, a petitioner who files an action to stay a contractual arbitration proceeding asserts a defense for removal purposes, because the action challenges the existence of the arbitration agreement and thus opposes, rather than institutes, a claim.[65]

**§ 69:17. —Preemption**

Generally, the question of federal preemption is relevant only as a defense which, since it does not appear on the face of a well-pleaded complaint, does not authorize removal to federal court.[66] If federal law merely preempts state law to the extent of providing an affirmative defense to a state cause of action without preempting the cause of action itself, the state cause of action does not arise under federal law and is not subject to removal under 28 USCA § 1441(b).[67]

However, Congress has through some legislation so completely preempted certain areas that any civil complaint raising the select group of claims within one of those preempted areas is necessarily federal in character, removal may be though preemption alone is an insufficient basis for removal, removal may be appropriate when federal law not only displaces state law but also or compels the plaintiffs to rely, explicitly or implicitly, on federal propositions.[69] The complete preemption doctrine permits removal of a case in which the plaintiff has relied exclusively on state law only when: (1) the enforcement provisions of the federal statute create a federal cause of action vindicating the same interest that the affirmative evidence of congressional intent to permit removal despite the plaintiff's exclusive reliance on state law.[70]

The court to which an action has been removed must scrutinize the complaint, and possibly the removal notice and motion for remand, to find out whether preemption exists and whether federal law provides a comprehensive remedy.[71]

If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily arises under federal law and is subject to removal, even though the state law and has sought a has pleaded an adequate claim for relief under the state law and has sought a

---

[63]. Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 136 L. Ed. 2d 437 (U.S. 1996); Doe v. Allied-Signal, Inc., 985 F.2d 908 (7th Cir. 1993).

[64]. Hickey v. Duffy, 827 F.2d 234, 8 Fed. R. Serv. 3d (LCP) 974 (7th Cir. 1987); Departamento de Asuntos del Consumidor (DaCO) v. Oriental Federal Sav., 648 F. Supp. 1194 (D.P.R. 1986).

[65]. International Tin Council v. Amalgamet Inc., 645 F. Supp. 879 (S.D.N.Y. 1986).

[66]. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987); Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 136 L. Ed. 2d 437 (U.S. 1996).

[67]. Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

[68]. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987); Departamento de

[69]. Harper v. San Diego Transit Corp., 764 F.2d 663 (9th Cir. 1985).

[70]. Allstate Ins. Co. v. 65 Sec. Plan, 879 F.2d 90 (3d Cir. 1989).

[71]. Stokes v. Bechtel North American Power Corp., 614 F. Supp. 732 (N.D. Cal. 1985).

---

REMOVAL OF ACTIONS

remedy available only under state law.[72] Although only claims that fall within the preemptive scope of a federal statute, or of a treaty, make out federal questions, even one federal question gives the defendant the right to remove the entire case to federal court.[73]

If a state claim is preempted by a statute establishing an exclusively federal cause of action, removal is proper even if preemption was not obvious at the time the suit was filed.[74]

Complete preemption has been found in several federal statutes, including ERISA, the Labor Management Relations Act, the Federal Railroad Safety Act, and the Railway Labor Act, and in the possessory interest of Indian tribes to lands obtained by treaty.[75] The Federal Copyright Act is completely preemptive.[76] Similarly, the regulatory scheme established by Congress governing the transfer of rail lines, and the remedies provided within that scheme, clearly and completely control controversies involving such transfers.[77]

The preemptive effect of other federal statutes has been held not to be complete. For instance, preemption of state claims by the Federal Insecticide, Fungicide, and Rodenticide Act[78] and the Toxic Substances Control Act[79] is not complete and does not support removal. Preemption under 42 USCA § 1983,[80] the Federal Labor Standards Act,[81] the Federal Food Stamp Act,[82] and the Federal Labor Standards Act,[83] has also been held not to be complete.

Different courts have ruled that the Federal Communications Act is completely preemptive of state claims,[84] and that it is not.[85]

**§ 69:18. —Sovereign immunity**

The defense of sovereign immunity under the Eleventh Amendment, according to which a state may not be subjected to the jurisdiction of federal court without its consent,[86] does not create a federal question upon which removal may be based.[87]

---

[72]. Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

[73]. Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536 (8th Cir. 1996).

[74]. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).

[75]. Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536 (8th Cir. 1996).

[76]. Gemcraft Homes, Inc. v. Sumurdy, 688 F. Supp. 289 (E.D. Tex. 1988).

[77]. Citizens Alliance to Save Southline v. Montana Rail Link, Inc., 672 F. Supp. 1576 (D. Mont. 1987), related reference, 672 F. Supp. 1579 (D. Mont. 1987).

[78]. Hurt v. Dow Chemical Co., 963 F.2d 1142 (8th Cir. 1992), reh'g denied, (July 2, 1992).

[79]. Chappell v. SCA Services, Inc., 540 F. Supp. 1087 (C.D. Ill. 1982).

[80]. Zack Co. v. Howard, 658 F. Supp. 73 (N.D. Ill. 1987); Doran v. City of Clearwater, (1989).

[81]. Waldermeyer v. ITT Consumer Financial Corp., 767 F. Supp. 989 (E.D. Mo. 1991), related reference, 782 F. Supp. 86 (E.D. Mo. 1991).

[82]. Vang v. Healy, 804 F. Supp. 79 (E.D. Cal. 1992).

[83]. Lichtenberger v. Prudential-Bache Securities, Inc., 737 F. Supp. 43 (S.D. Tex. 1990).

[84]. In re Long Distance Telecommunications Litigation, 640 F. Supp. 997 (E.D. Mich. 1986).

[85]. American Inmate Phone Systems, Inc. v. US Sprint Communications Co. Ltd. Partnership, 787 F. Supp. 832 (N.D. Ill. 1992).

[86]. Sideris v. State of Ind., 830 F. Supp. 1156 (N.D. Ind. 1993).

[87]. Oklahoma Tax Com'n v. Graham, 489 U.S. 838, 109 S. Ct. 1519, 103 L. Ed. 2d 924 (1989).

Fla., 814 F. Supp. 1077 (M.D. Fla. 1993), related reference, 1994 WL 150836 (M.D. Fla. 1994).

EXHIBIT A