**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TAMMIE G. ELLIOT AND** | ) | |
| **MARK ELLIOTT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | **1:05-cv-00606-VPM** |
| | ) | |
| **PAX ACADEMIC EXCHANGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO MOTION TO REMAND**

COME NOW the Defendants Program for Academic Exchange ("PAX"), incorrectly identified in the Complaint as PAX Academic Exchange (the "Defendant") and hereby files this response in opposition to the Plaintiffs' Motion to Remand this civil action to the Circuit Court of Jefferson County, Alabama.  This matter should not be remanded for the following reasons:

1.      The Plaintiffs have attempted to mischaracterize this case as one arising solely under state law.  This action does not merely touch on federal law as the Plaintiffs claim; **this case arises only from the operation of federal law**.  The Plaintiffs' action is based upon the acts of a foreign exchange student, who was present in the United States solely based upon her status as such.  The foreign exchange student was only placed in the Plaintiffs' home as a result of the Plaintiffs' participation in the Exchange Visitor Program.  The Plaintiffs' seek damages based exclusively on allegations resulting and arising from the Plaintiffs' participation in the Exchange Visitor program, which is a federal program administered by the State Department pursuant to 22 U.S.C. §2451 and the accompanying federal regulations.  The PAX program is also monitored and regulated by The Department of Homeland Security, pursuant to Section 641

of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Public Law 104-208 (as amended).  Thus, this case arises under federal law, not just state law as the Plaintiffs attempt to argue.

2.    The Plaintiffs have mistakenly argued that federal jurisdiction does not exist because federal question jurisdiction is not evident from the face of the Complaint.  Basically, the Plaintiffs are mistakenly relying on the "well-pleaded complaint rule" as a basis for remanding this case to the Circuit Court of Coffee County.  The Plaintiffs have ignored that as an "independent corollary to the well-pleaded complaint rule is the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-476 (1998) (citations omitted).  The Plaintiffs did not articulate in the Complaint that the claims arose out of the Plaintiffs participation in a program that is solely a vestige of federal law.  Additionally, complete preemption obviates the need for federal question jurisdiction to appear on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) (upholding removal based on the preemptive effect of § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974); *see also Avco Corp. v. Machinists,* 390 U.S. 557, 560 (1968).  "Under that doctrine, Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005).

3.    The Plaintiffs' Motion to Remand ignores the fact that the sole reason the student was placed in the Plaintiffs' home was pursuant to federal law – the applicable immigration laws and 22 U.S.C. §2451 and the accompanying federal regulations.   22 U.S.C. §2451 was promulgated to regulate and govern the Exchange Visitor Program, which the Plaintiffs

participated in by hosting the student at issue in this case.  The purpose of the Exchange Visitor Program is stated in 22 C.F.R. §62.1:

> (a) The regulations set forth in this part implement the Mutual Educational and Cultural Exchange Act of 1961 (the "Act"), as amended, Public Law 87-256, 22 U.S.C. 2451, et seq. (1988). The purpose of the Act is to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchanges. Educational and cultural exchanges assist the Department of State in furthering the foreign policy objectives of the United States. These exchanges are defined by section 102 of the Act, 22 U.S.C. 2452, and section 101(a)(15)(J) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(a)(15)(J).

> (b) The Secretary of State of the Department of State facilitates activities specified in the Act, in part, by designating public and private entities to act as sponsors of the Exchange Visitor Program. Sponsors may act independently or with the assistance of third parties. The purpose of the Program is to provide foreign nationals with opportunities to participate in educational and cultural programs in the United States and return home to share their experiences, and to encourage Americans to participate in educational and cultural programs in other countries. Exchange visitors enter the United States on a J visa. The regulations set forth in this subpart are applicable to all sponsors.

In explaining the need for federal regulations governing the Exchange Visitor Program, Congress has stated: "The amendments to 22 CFR part 514[1] set forth in detail below are proposed in an effort to define more clearly the **obligations, duties, and relationships of the Agency, sponsors, and exchange participants**."  *See* 58 FR 15180-01 (emphasis added).  Thus, Congress has indicated its intent to regulate the Exchange Visitor Program and it is clear that federal question jurisdiction exists.

    4.    As the Plaintiffs Motion to Remand makes clear the Plaintiffs are seeking damages related to the medical bills incurred as a result of the student living with the Plaintiffs pursuant to the federally created Exchange Visitor Program.  Additionally, the Plaintiffs are

---

[1] The Exchange Visitor Program was under the province of the United States Information Agency when these regulations were promulgated.  Today, the Exchange Visitor Program is governed by the United States Department of State and the regulations have been recodified at 22 C.F.R §62, et al.

seeking damages for alleged fraudulent representations made to the Plaintiffs by PAX in inducing the Plaintiffs to participate in the Exchange Visitor Program.  As discussed in Defendant's Notice of Removal, 22 U.S.C. §2451 and the accompanying federal regulations governs the rights and duties of both students participating in the Exchange Visitor Program and organizations such as PAX.  *See* 22 CFR Part 62.8-62.9; 62.25.  Thus, issues regarding medical responsibility of host families and behavior of foreign exchange students encompass issues to be decided by immigration law and 22 U.S.C. §2451 and the accompanying regulations, which is entirely within the area of federal law.  Clearly, the Plaintiffs' allegations are inextricably intertwined with immigration law and the federal laws enabling and governing the Exchange Visitor Program in such a way that any state law applicable to this matter would be pre-empted by federal law.

5.    As discussed in PAX's Notice of Removal, the federal immigration laws also govern this case as the student who lived with the Plaintiffs was issued a J-1 Exchange Visitor Visa.  It is well settled that the power to regulate immigration is exclusively within the province of Congress.  *DeCanas v. Bica*, 424 U.S. 351, 354 (1976); *Passenger Cases*, 7 How. 283, 12 L.Ed. 702 (1849); *Henderson v. Mayor of New York*, 92 U.S. 259, 23 L.Ed. 543 (1876); *Chy Lung v. Freeman*, 92 U.S. 275, 23 L.Ed. 550 (1876); *Fong Yue Ting v. United States*, 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905 (1893).  The law of immigration is so completely pre-empted that any complaint raising claims in that area is federal in character.  *Id*.  The federal government has exclusive power in determining what aliens shall be admitted to the United States and regulation of their conduct while present in the United States.  *Id*.  Secondly, "once an area of state law has been completely pre-empted, any claim **purportedly based** on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal

law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added) (citing *Franchise Tax Board, supra, 463 U.S., at 24, 103 S.Ct., at 2854* ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").  "Even where no direct conflict exists, state laws will be preempted where they "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the immigrations laws." *DeCanas v. Bica,* 424 U.S. 351, 354 (1976); *c.f.*, *Fumo v. Gallas*, 2001 WL 115460, *3 (E.D.Pa., Feb. 6, 2001) ("Complete preemption has been found in areas such as labor relations, ERISA, bankruptcy, immigration and trademark law.").  Thus, based upon the immigration status of this case, the definition and parameters regarding the foreign exchange student's conduct while participating in this program should not be determined under state law, but is properly governed by uniform federal immigration law.  The pre-emptive force of the federal immigration law is so extraordinary that it transforms the Plaintiffs' alleged state law claims into claims arising under federal law sufficient to provide a basis for removal.  Accordingly, the Plaintiffs' action was properly removed to federal court because the area of immigration law has been completely preempted by federal law.

Wherefore Premises Considered Plaintiff's Motion to Remand should be denied because Defendant has met its burden to demonstrate that it properly removed this matter to this Court based on federal question jurisdiction.

DATED:  July 26th, 2005.

/s/ Meredith J. Lees
_____
Frank M. Young III
Meredith Jowers Lees
Jamie Johnston
Attorneys for Program Academic Exchange

**OF COUNSEL:**
HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 251-1000

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid, and addressed and by facsimile as follows:

M. Chad Tindol
Marsh, Cotter & Tindol, LLP
Post Office Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)

DONE this the 26th day of July, 2005.

/s/ Meredith J. Lees
Of Counsel