IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMMIE G. ELLIOTT and MARK ELLIOTT, <br><br> Plaintiffs, <br><br> vs. <br><br> PAX ACADEMIC EXCHANGE, <br><br> Defendant. | CASE NO.: 1:05-CV-606-A |

## REPLY IN SUPPORT OF REMAND

COME NOW the Plaintiffs Tammie G. Elliott and Mark Elliott (collectively referred to hereinafter as the "Elliotts") and file this reply in support of their motion to remand:

1. The Defendant Program for Academic Exchange ("PAX") opposes remand based upon an allegation of "complete preemption." *See Defendant's Opposition to Motion to Remand* at ¶ 2; *id.* at ¶ 4 *("any state law applicable to this matter would be pre-empted by federal law")*; ¶ 5 *("so completely pre-empted . . . ")*. PAX cannot meet its burden to sustain removal on this basis.

2. The Elliotts have sued PAX for misleading them in regard to hosting an exchange student, and breaching agreements with regard to the same. *See Complaint.* PAX

Page 1 of 5

assured the Elliotts that the student's health would be checked, would be good, and that the student would be provided health insurance. *Id.* After arrival, it was discovered that the student was HIV positive, and was taking malaria medication. *Id.* Now, the Elliotts are being sent bills for the student's care, because the insurance is not paying. *Id.* The complaint alleges only state court claims. That is a sufficient basis to order remand. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 382 (1987) (holding that the "well-pleaded complaint rule . . . makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law").

3. PAX attempts to avoid the "well-pleaded complaint rule" by arguing complete preemption. To meet its burden under a complete preemption argument, PAX must show more than the "mere presence of a federal issue in a state cause of action." *Dunlap v. G&L Holding Group, Inc.,* 381 F.3d 1285, 1290-91 (11th Cir. 2004). Instead, the federal statute at issue must have such "extraordinary preemptive force" as to "transform[]" the state claims of the Elliotts into federal claims. *Id.* The Supreme Court has only identified 3 areas where 'complete preemption' exists: labor (union) law; ERISA; and the national banking act. *Id.*

4. Moreover, for complete preemption to apply, PAX has the burden of showing the existence of two elements:

(a) that the federal statutes at issue provide "the exclusive cause of action" by setting "forth **procedures and remedies** governing that cause of action;" and

(b) that there was "**congressional intent**" to completely preempt this area of the law.

*Id (emphasis added).*

5. PAX has not shown that the federal laws cited by it provide any "procedures and remedies" for families who are defrauded by organizations arranging for the placement of exchange students. PAX has not cited to a single applicable federal cause of action.

6. PAX also has not shown any evidence of "congressional intent" to completely preempt state fraud and contract law, when the perpetrator of the fraud is an organization that arranges for the placement of exchange students.

7. Instead, PAX repeatedly cites to cases involving immigration in arguing preemption. This is not, however, an immigration case. This is a simple suit involving fraud and breach of agreement committed by a New York corporation against an Alabama family. That is not an issue of immigration law. It is an issue of Alabama law. To paraphrase our district court brethren in Birmingham, "the entrance to federal court does not swing wide, like Ali Baba's cave, at the mere invocation" of [immigration] . . . Rather, a removing defendant must set forth with considerable specificity the necessary elements . . . " of complete preemption. *Hensley v. Philadelphia Life Ins. Co.,* 878 F.Supp. 1465, 1468 (N.D. Ala. 1995) (remanding case where defendant failed to sustain burden of showing ERISA preemption).

8. In short, PAX is basically arguing that – because it is regulated by federal law and because the students that it places are subject to immigration laws – this case must take place in federal court. However, merely suing a federally regulated entity does not trigger a right for the defendant to remove the case. For example, nationally associated banks can be sued, and are sued, in state court. *See Dunlap, supra.* Likewise, merely suing someone subject to the immigration laws does not trigger federal jurisdiction. Foreign citizens are only allowed to remove cases where they can meet the elements of the diversity statute. *28 U.S.C. § 1332(a)(2) (creating diversity jurisdiction for disputes of greater than $75,000, in controversy, for claims involving citizens and "subjects of a foreign state").* In this case, the defendant is a New York citizen, not even a foreign citizen.

9. PAX has not, and cannot meet, its burden to sustain removal of this case. As Judge Thompson has stated, defendants can meet this burden with "affidavits, depositions, or other evidence," however, defendants must meet it. *See Lott v. Metropolitan Life Ins. Co.*, 849 F.Supp. 1451 (M.D. Ala. 1993). PAX has not met its burden to show complete preemption.

10. This case should be remanded to the Circuit Court of Coffee County, Alabama, and costs awarded for the same.

_____
M. CHAD TINDOL (TIN011)
Counsel for Plaintiffs

OF COUNSEL:
MARSH, COTTER & TINDOL, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
(334) 393-1396 (fax)

### Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States mail, first class postage prepaid, and addressed as follows:   8-3-05

Frank M. Young
Meredith Jowers Lees
Haskell, Slaughter, et al.
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

_____
Of Counsel