IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAMMIE G. ELLIOTT and    )
MARK ELLIOTT,    )
    )    (WO)
    Plaintiffs,    )
v.    )    Case No. 1:05-cv-606-A
    )
PAX ACADEMIC EXCHANGE,    )
    )
    Defendant.    )

## MEMORANDUM OPINION

## I. INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiffs, Tammie G. Elliott and Mark Elliott ("the Elliotts") (Doc. #3).

The Elliotts originally filed a Complaint in this case in the Circuit Court of Coffee County, Alabama. The Elliotts bring claims for fraud (Count I), suppression (Count II) promissory fraud (Count III), breach of agreement (Count IV), and negligence/wantonness (Count V).

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit

favors remand of removed cases where federal jurisdiction is not absolutely clear.  See Burns, 31 F.3d at 1095.

### III.  FACTS

The facts as alleged in the Complaint are as follows:

The Elliotts live in Enterprise, Alabama.  They have brought claims against PAX,[1] which is an organization that assists students and hosts with exchange opportunities. PAX is a New York corporation.

Before agreeing to host an exchange student, the Elliotts asked questions of PAX and were informed, among other things, that any student hosted by the Elliotts would be tested for and free from communicable diseases including HIV, the student would be of good health and well-adjusted, that the student would be required to have health insurance, and that the only expenses for which the Elliotts would be responsible would be food and shelter.

After the student began residing with the Elliotts, she was treated for illnesses and was diagnosed as being HIV positive.  The student also damaged the Elliotts' home and stole items from their home.

The Plaintiffs allege that despite the representations made by PAX, the Elliotts have incurred medical expenses and are still receiving bills from treatment.  The Elliotts and their minor child will also have to be tested for HIV for five years.

---

[1] The court will simply refer to the Defendant as PAX because although the Plaintiffs have brought suit against PAX Academic Exchange, the Defendant identifies itself as Program for Academic Exchange, or PAX.

# IV.  DISCUSSION

A. Jurisdiction

Removal of a case to federal court is only proper if the case originally could have been brought in federal court.  See  28 U.S.C. § 1441(a).  In this case, Pax argues that removal was proper because the court has federal question jurisdiction.  Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  In deciding whether a federal question exists, the court applies the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Clearly, the Elliotts have only asserted state law claims in their Complaint.  There are, however, exceptions to the well-pleaded complaint rule.  One exception is known as the "complete preemption" doctrine.  Id.  PAX relies on the complete preemption doctrine in its Notice of Removal and in opposition to the Motion to Remand.

Complete preemption is recognized in the rare instance that Congress so "completely pre-empts a particular area that any civil complaint . . . is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).  The inquiry for complete preemption is jurisdictional in nature and focuses on whether Congress intended to make the plaintiff's cause of action federal and removable despite the fact that the plaintiff's complaint only pleads state law claims.  Whitman v. Raley's Inc., 886 F.2d 1177, 1181 (9th Cir. 1989).

The Supreme Court has recognized complete pre-emption of state law claims by § 301 of the Labor Management Relations Act ("LMRA"), see Avco Corp. v. Machinists, 390 U.S. 557 (1968); the Employee Retirement Income Security Act ("ERISA"), see Metropolitan Life Ins.

3

Co. v. Taylor, 481 U.S. 58 (1987); and the National Bank Act, see Beneficial National Bank v. Anderson, 539 U.S. 1, 7-11 (2003).

The "touchstone of the federal district court's removal jurisdiction is . . . the intent of Congress." Metropolitan Life, 481 U.S. at 66.  In its analysis of the doctrine of complete preemption outside of the context of the LMRA or ERISA, the Eleventh Circuit has declined to adopt a specific test, but has looked to legislative history and statutory language for evidence of Congressional intent.  See BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 859 (11th Cir. 1999) (finding no complete pre-emption under the Cable Communications Policy Act of 1984).  The Eleventh Circuit has pointed to the Supreme Court's characterization of statutes requiring complete preemption as being statutes with "'extraordinary' preemptive force." Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1291 (11th Cir. 2004).

PAX contends that this case arises under federal law because the Elliotts were participating in an exchange visitor program which is a federal program administered by the State Department and monitored by the Department of Homeland Security.  PAX argues that there are two bases for finding complete preemption.        First, PAX argues that issues regarding the medical responsibility of host families are to be decided by federal regulations which govern exchange programs.  The mere fact that an exchange program is involved, however, does not mean that federal law necessarily has any preemptive force, much less preemptive force sufficient to constitute complete preemption. Cf. Beul v. ASSE International, Inc., 233 F.3d 441 (7th Cir. 2000) (stating no case suggests that the regulations which govern the Exchange Visitor Program create a private federal right of suit that would allow for suit under

federal question jurisdiction and noting that there was no argument that the regulations had preemptive force).

PAX has not pointed this court to sufficient evidence of legislative intent, in either the language of any statute or regulation or in any legislative history to establish that complete preemption is intended by Congress. PAX has cited the court a statement in the Federal Register that the regulations which govern exchange programs define the obligations, duties, and relationships of the Agency, sponsors and exchange participants.

As to this point, the Eleventh Circuit's <u>Dunlap</u> decision is instructive. In <u>Dunlap</u>, a plaintiff brought a claim for breach of an employment agreement which the defendant claimed was governed by federal banking regulations. The court's discussion with regard to that claim focuses on the substantial federal question doctrine,[2] but the court noted in a footnote that jurisdiction based on complete preemption was inapplicable. <u>Dunlap</u>, 381 F.3d 1291 at n.9. In explaining why complete preemption would not be applicable, the court explained that proof of compliance with a regulation was not an element of the breach of contract claim, and would at most be a defense to that claim. <u>Id.</u> The court also stated that the regulation did not provide the exclusive cause of action for the breach of contract claim, nor did it set forth procedures or remedies governing a breach of contract claim. <u>Id.</u>

Similarly, in this case, PAX has not demonstrated that any applicable regulation is an element of any of the Elliotts' claims, that the regulations provide an exclusive cause of action, or set forth procedures or remedies governing any of the claims.

---

[2] PAX has not argued that subject matter jurisdiction exists on the basis of a substantial federal question, and the analysis in <u>Dunlap</u> of that issue indicates that jurisdiction would not exist in this case on that basis. <u>See Dunlap</u>, 381 F.3d at 1291-92.

5

Second, PAX argues that because the exchange student in this case had a J-I Exchange Visitor Visa, immigration law governs.  PAX argues that any complaint arising under immigration law is completely preempted.

In <u>DeCanas v. Bica</u>, 424 U.S. 351 (1976), the Court stated that although the power to regulate immigration is exclusively a federal power, not every state enactment which deals with aliens is pre-empted by this constitutional power.  The Court explained that a state statute may be pre-empted where it is an attempt to regulate immigration.  <u>Id.</u> at 355.  Even if the state statute is not an impermissible regulation of immigration, it may still be pre-empted if there is a showing that it was the "clear and manifest purpose of Congress" to effect a "complete ouster of state power--including state power to promulgate laws not in conflict with federal laws."  Finally, a state law is pre-empted if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," <u>id.</u> at 363, or if it conflicts with federal law, making compliance with both state and federal law impossible.

PAX has not made a sufficient showing that any of these three possibilities for preemption of state law is satisfied in this case.  The claims brought by the Elliotts do not regulate immigration.  There has been no showing by PAX of Congressional intent to preempt state law not in conflict with immigration law.  <u>Cf.</u> <u>Equal Access to Education v. Merten</u>, 305 F. Supp. 2d 585, 606 (E.D. Va. 2004) (Congress, by creating a category of student visas and the Student and Exchange Visitor Information System, legislated in the field, but did not demonstrate a purpose to preempt non-conflicting state laws).  There also there been no showing by PAX that the state law relied on by the Elliotts conflicts with federal law.

The court concludes, therefore, that PAX has failed to meet its burden to demonstrate that subject matter jurisdiction exists in this case.

### B.  Fees and Costs

The Elliotts have requested that this court award them fees and costs associated with the Motion to Remand.  Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).   A district court may award attorneys' fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." See Grace v. Interstate Life & Accident Ins. Co., 916 F. Supp. 1185, 1192 (M.D. Ala. 1996).

In this case, the court declines to exercise its discretion to award attorneys fees and costs. Although the court has found that the PAX has not sufficiently demonstrated that the state law claims brought by the Elliotts are completely preempted, PAX's basis for removal, albeit insufficiently supported, is not so unreasonable so as to cause this court to conclude that jurisdiction was patently unlacking.

### V.  **CONCLUSION**

For the reasons discussed, this court lacks subject matter jurisdiction in this case and the Motion to Remand is due to be GRANTED.  A separate Order will be entered in accordance with this Memorandum Opinion.


DONE this 18th day of August, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE